UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK,

          Plaintiffs,

-against-

ABALENE DECORATING, INC. and CITY VIEW BLINDS OF N.Y., INC.,

          Defendants.

20 CV_____

**COMPLAINT**

**Jury Trial Demanded**

---

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, and 1145; and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans and for related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the Funds (as defined below) are administered in this district.

## THE PARTIES

4. Plaintiffs Trustees of the New York City District Council of Carpenters Pension, Welfare, and Annuity, Apprenticeship, Journeyman Retraining, Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The ERISA Funds are organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3). The Trustees are fiduciaries of the ERISA Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiffs Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff Carpenter Contractor Alliance of Metropolitan New York (together, with the Charity Fund and the ERISA Funds, as the "Funds") is a New York not-for-profit corporation and maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

7. Defendant Abalene Decorating, Inc. ("Abalene") is a domestic business corporation incorporated under the laws of the State of New York. At relevant times, Abalene was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29

U.S.C. § 142.  At relevant times, Abalene maintained its principal place of business at 199 Lee Avenue, Brooklyn, NY 11211.

8.  Defendant City View Blinds of N.Y., Inc. ("City View") is a business corporation incorporated under the laws of the State of New York.  At relevant times, City View was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.  City View maintains its principal place of business at 315 West 39th Street, Room 502, New York, NY 10018.

## FACTS

### Abalene's Obligations to the Funds

9.  At relevant times, Abalene was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the New York City District Council of Carpenters, or a predecessor thereto (the "Union").

10.  The CBA required Abalene to make periodic contributions to the Funds for work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

11.  The CBA also required Abalene to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

12.  The Funds conducted an audit of Abalene covering the period December 22, 2013 through December 31, 2018 (the "Audit") in order to determine whether Abalene had complied with its obligations under the CBA.

13.  The Audit revealed that Abalene had failed to remit all required contributions to the Funds during the audit period.  The Audit contains a principal deficiency of $50,162.02.

**Defendants Abalene and City View are Alter Egos and Constitute a Single Employer**

14. At all relevant times, Defendants Abalene and City View were alter-egos, as Defendants have substantially identical management, business purpose, operation, equipment, customers, supervisions, and ownership.

15. At all relevant times, Defendants operated as a single, integrated employer, with interrelation of operations, common management, centralized control of labor relations, common ownership, and common facilities and equipment.

16. At all relevant times, Defendants were and continue to be owned and operated by Leopold Strulovic.

17. At relevant times, Defendants shared a place of business, located at 315 West 39th Street, New York, New York 10018.

18. City View and Abalene also formerly shared a common address at 63 Flushing Avenue, Brooklyn, New York 11205.

19. At relevant times, Defendants also shared the same telephone number: (212) 643-0203.

20. Upon information and belief, City View and Abalene share common employees and officers, including but not limited to, Moshe Gold and Maritza Sime.

21. City View and Abalene formerly shared the same workers' compensation policy.

22. Defendants both performed Covered Work under the CBA, as both Defendants, at all relevant times, were and are engaged in the business of home furnishing work, including installation of curtains and drapes, which is within the trade jurisdiction of the Union.

23. Upon information and belief, Defendants performed the same work without any meaningful distinction in their operations.

24. Upon information and belief, Defendants identify themselves as alter egos/single employers within the carpentry industry, namely as "Abalene Decorating c/o Cityview Blinds."

25. Upon information and belief, City View and Abalene use the same equipment, vehicles, and facilities, and employ each other's workers without any meaningful distinction in their operations.

26. Upon information and belief, City View and Abalene share a common operation and intermingled funds. For instance, as part of the Audit, the auditors identified financial transfers between City View and Abalene. In addition, Moshe Gold, the president of City View, personally guaranteed a promissory note issued to Abalene.

27. Upon information and belief, Abalene used City View for the purpose of avoiding Abalene's contractual and statutory obligations to the Funds, by (1) having City View perform Covered Work without conforming to the terms of the CBA; and (2) by having City View pay employees of Abalane enabling Abalene to avoid its obligations to the Funds.

28. Abalene created and maintained City View to perpetrate a fraud against the Funds and avoid its obligations to the Funds under the CBA.

29. Leopold Strulovic, Defendants' shared owner, had prior knowledge of Abalene's obligations to the Funds, as he was aware of the Audit and Abalene's other obligations to the Funds.

30. City View, as alter-ego of and single employer with Abalene, is subject to the terms of Abalene's CBA, and each company is liable for each other's unpaid contributions, and associated liability, to the Funds.

**THE FUNDS' FIRST CLAIM FOR RELIEF**
**(Alter Ego Liability and Single Employer/Liability for Delinquent Contributions/Violation of the CBA)**

31. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

33. Section 301 of the LMRA authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

34. At relevant times, Abalene was a party to or otherwise bound by the CBA.

35. The CBA and the documents and instruments governing the Funds required Abalene to make specified hourly contributions to the Funds in connection with all Covered Work performed and to submit to and comply with periodic payroll audits when requested by the Funds.

36. At relevant times, City View and Abalene were alter egos of and single employers with each other and had substantially identical management, business purpose, operations, equipment, customers, supervision, and ownership.

37. By virtue of their status as alter egos/single employers, City View and Abalene are, and at all relevant times have been, bound by the CBA and they are jointly and severally liable for each other's obligations thereunder.

38. By virtue of their status as alter egos and/or single employers, City View and Abalene are jointly and severally liable for the Audit.

39. City View and Abalene violated the CBA's terms when they failed to remit contributions in connection with the work they performed within the scope and jurisdiction of the CBA.

40. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the CBA, the Funds' Collection Policy, and the documents and instruments governing the Funds, the Funds are entitled to an order, based on Defendants' alter ego/single employer states, (1) directing Defendant City View to submit to an audit of its books and records covering the period December 22, 2013 to the present; (2) directing Defendants pay all delinquent contributions and other associated liquidated damages, interest, attorneys' fees, and costs revealed by such an audit or otherwise found to be due and owing to the Funds during the course of this litigation; and (3) directing Defendants pay all delinquent contributions contained in the Audit of Abalene, plus all associated interest, liquidated damages, attorneys' fees and audit costs.

41. Absent an audit, the Funds have no ascertainable method of determining the amount of delinquencies due and owing for work City View performed within the scope of the CBA.

42. As an unadjudicated alter ego/single employer, the Funds have no feasible method of requiring City View to submit to such an audit to determine its outstanding delinquencies.

43. Accordingly, a court order compelling City View to submit to an audit is necessary for the Funds to recover delinquencies due and owing by City View.

**THE FUNDS' SECOND CLAIM FOR RELIEF**
**(Injunctive Relief Regarding Alter Ego and Single Employer Status)**

44. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E), provides that, in actions to collect delinquent contributions, the Funds may be awarded "such other legal or equitable relief as the court deems appropriate."

46. Section 301 of the LMRA, 29 U.S.C. § 185 provides for the issuance of an injunction to enforce a collective bargaining agreement.

47. City View is an alter ego of, or single employer with, Abalene and is therefore bound to its CBA.

48. This means, among other things, that City View is required to follow the terms of Abalene's CBA, including the provision that they remit contributions to the Funds, submit to audits by the Funds, and to provide remittance reports to the Funds detailing the hours of Covered Work performed.

49. Accordingly, the Funds seek an order finding that City View is bound to the CBA for the same period of time and to the same extent as Abalene.

50. Absent such injunctive relief, the Funds would be irreparably injured insofar as they would have no viable way of determining whether City View performed Covered Work for which contributions are required and would be forced to file successive alter ego lawsuits every time they wished to have City View comply with even the most basic requirements of the CBA.

## DEMAND FOR JURY TRIAL

51. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Funds demand trial by jury in this action of all issues so triable.

**WHEREFORE,** the Funds respectfully request that this Court:

(1) On the Funds' First Claim for Relief, declaring that City View and Abalene are alter egos of and/or single employers with each other and that: (1) City View is

required to submit to an audit of its books and records covering the period December 22, 2013 to the present; (2) Defendants are required to pay all delinquent contributions and other associated liquidated damages, interest, attorneys' fees, and costs revealed by such an audit or otherwise found to be due and owing to the Funds during the course of this litigation; and (3) Defendants are jointly and severally liable for the Audit.

(2) On the Funds' Second Claim for Relief, issue an order finding that City View is bound to the CBA for the same period of time and to the same extent as Abalene; and

(3) Awarding the Funds such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 25, 2020

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____/s/_____
Nicole Marimon, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080
Fax: (212) 943-9082
*Attorneys for Plaintiffs*