UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, and APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, TRUSTEES OF THE NEW
YORK CITY CARPENTERS RELIEF AND
CHARITY FUND, and THE CARPENTER
CONTRACTOR ALLIANCE OF
METROPOLITAN NEW YORK,

                    Plaintiffs,                              20-cv-2559 (PKC)

          -against-                                            OPINION
                                                              AND ORDER

ABALENE DECORATING INC., and CITY VIEW
BLINDS OF N.Y., INC.,

                    Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

           On October 7, 2020, the Court entered a default judgment in this action against

defendants Abalene Decorating, Inc. ("Abalene") and City View Blinds of N.Y., Inc. ("City

View"). (Doc 28).[1] Defendants Abalene and City View have filed separate motions seeking to

have the default judgment against them vacated pursuant to Rules 55(c) and 60(b)(1), Fed. R.

Civ. P. (Doc 33 – City View; Doc 37- Abalene). For reasons to be explained, the motions will

be denied.

---

[1] The Court signed the default judgment order on October 6, 2020 and it was entered on October 7, 2020.

BACKGROUND

Plaintiffs in this action are (1) Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educational and Industry Fund; (2) Trustees of the New York City Carpenters Relief and Charity Fund; and (3) The Carpenter Contractor Alliance of Metropolitan New York (collectively, the "Funds").  (Compl ¶¶ 4–6; Doc 1).  The Funds act as a collection agent for the New York City District Council of Carpenters (the "Union").  (Compl ¶¶ 9–10).

Defendants Abalene and City View are both engaged in the business of home furnishing work.  (Compl. ¶ 22).  The Complaint asserts that Abalene and City View are alter-egos and that Abalene used City View to avoid its obligations to the Funds under the Specialty Drapery & Venetian Blind Agreement, a collective bargaining agreement (the "CBA"), with the Union or its predecessor.  (Compl. ¶¶ 15, 27).  Abalene is a party to the CBA.  (Compl. ¶ 9).  If City View is determined to be an alter ego of Abalene, it would be held jointly and severally liable for failing to comply with the CBA.  (Compl. ¶¶ 37–38).

The Funds bring claims under sections 502 and 515 of the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145 and section 302 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, for unpaid employer contributions and other damages owed by defendants under the terms of the CBA.  In addition, the Complaint seeks a court order directing City View to submit to an audit for the period of December 22, 2013 to the present and a declaration that City View is bound by the CBA to the same extent as Abalene.  (Compl. ¶¶ 40, 49).

The Funds commenced this action on March 25, 2020.  (Doc 1).  On June 5, 2020, defendants were served with summons and complaint by personal service on Nancy Dougherty,

an authorized person in the Corporation Division of the Department of State.  (Certs. of Service; Docs 8 and 9).  On July 10, 2020, the Clerk of this Court entered a certificate of default.  (Doc 14).  That same day, the Court entered an order adjourning the initial pretrial conference (Doc 15), which the Funds served on defendants through first class mail.  (Cert. of Service; Doc 16).

Defendants did not answer the Complaint or otherwise appear in this action, and on August 19, 2020, the Funds moved for default judgment against Abalene and City View.  (Doc 18).  The Funds served these papers on defendants through certified mail.  (Doc 26).  On October 6, 2020, the Court granted the Funds' motion for default judgment, entering judgment against defendants jointly and severally in the amount of $92,589.86.  (Doc 28).

The Court's entry of the default judgment was docketed on October 7, 2020.  Approximately five weeks later, on November 13, 2020, Abalene submitted a pre-motion letter seeking to vacate the default.  (Doc 29).  City View joined in Abalene's pre-motion letter on November 16, 2020.  (Doc 30).  Pursuant to the briefing schedule ordered by the Court, Defendants separately moved to vacate the default judgment on December 15, 2020.  (Doc 33 – City View; Doc 37 – Abalene).

DISCUSSION

A.  Legal Standard for a Motion to Vacate a Default Judgment.

Rule 60(b)(1) provides that a party may be relieved from judgment due to "mistake, inadvertence, surprise, or excusable neglect."  Rule 60(b)(1), Fed. R. Civ. P; see also Rule 55(c), Fed R. Civ. P. (providing that the Court "may set aside a final default judgment under Rule 60(b)").  "In deciding a motion to vacate a default judgment, the district court is to be guided principally by three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent,

vacating the default will cause the nondefaulting party prejudice." S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). A default is willful where it is the result of "more than merely negligent or careless" conduct, id., but a court need not find that a defendant acted in "bad faith." Bricklayers and Allied Craftworkers Local 2 v. Moulton Masonry & Const., LLC, 779 F.3d 182. 187 (2d Cir. 2015). "Rather, it is sufficient to conclude that the defendant defaulted deliberately." Id. (internal quotation marks omitted).

As to the second factor, a meritorious defense does not require that the defendant "establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." McNulty, 137 F.3d at 740 (citation and internal quotation marks omitted); see also Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996) ("A defense is meritorious if it is good at law so as to give the factfinder some determination to make.").

The final factor is whether the non-moving party will suffer prejudice. In the context of a motion to vacate a default judgment, "delay alone is not a sufficient basis for establishing prejudice." New York v. Green, 420 F.3d 99, 110 (2d Cir. 2005) (quoting Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)). But prejudice may result if, for example, it thwarts the plaintiff's recovery, results in the loss of evidence, increases the difficulties of discovery or provides greater opportunity for fraud and collusion. Id.

B. Abalene's Motion to Vacate the Default Judgment Is Denied.

Leopold Strulovic submitted a declaration in support of Abalene's motion identifying himself as the "sole owner" of Abalene. (Strulovic Decl. ¶ 1; Doc 49). Strulovic states that Abalene never received a copy of the Complaint from the New York Secretary of State. (Id. ¶ 3). The record does not contain information on whether the Secretary of State

attempted to forward the Complaint to Abalene or the address that it had on file for Abalene. Strulovic's declaration is also silent on whether Abalene received the Court's July 10, 2020 Order, which the Funds served on Abalene via first class mail. (Cert. of Service; Doc 16). In that order, the Court adjourned the initial pre-trial conference until October based on the representations in the Funds' letter that defendants were served with process and have failed to appear and that the Funds' anticipated moving for a default judgment. (Doc 15).

Strulovic attests that he first became aware of this action in late August 2020, when he received the Funds' motion for a default judgment at Abalene's mailing address of 199 Lee Avenue, Brooklyn, NY 11211. (Strulovic Decl. ¶ 4; see also Cert. of Service; Doc 26). This was the same mailing address to which the Court's July 10, 2020 Order was mailed. (Cert. of Service; Doc 16). The motion for a default judgment also included a copy of the Complaint. (Strulovic Decl. ¶ 4). Strulovic states that he believed, at this time, Abalene had not been properly served with process and that the mailing of the motion for a default judgment "from the attorney's office did not constitute proper service because Abalene had not been personally served with the complaint." (Id.) Strulovic states that he contacted, Nicole Marimon, the Funds' counsel listed on the Complaint, at least six times and left approximately four voicemails, all without a response. (Id.)[2] He further believed that because the Funds' counsel "failed to return any of my calls" that they "would inform me of what actions I needed to take, if any." (Id. ¶ 5).

Strulovic received the Court's order entering a default judgment on or about October 10, 2020. (Id. ¶ 6) Strulovic states that he then called and spoke with Marlie Blaise, the

---

[2] In a sworn declaration, Marimon disputes that Strulovic called her around this time period and states that she has no record or recollection of receiving any telephone calls or messages from Strulovic. (Marimon Decl. ¶ 3; Doc. 44). For purposes of this motion, the Court resolves the factual dispute in favor of Abalene, the party seeking relief. See Green, 420 F.3d at 104 ("[I]n ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits.").

Funds' counsel who was listed on the default judgment.  (Id. ¶ 7).[3]  Strulovic asked Blaise if the Funds would agree to vacate the default judgment, and Blaise subsequently told him that they would not.  (Id.)  Strulovic thereafter retained legal counsel to represent Abalene on October 14, 2020.  (Id. ¶ 8).  Following discussion between counsel for Abalene and the Funds, Abalene appeared in this action for the first time on November 13, 2020.  (Id.)

   The Court concludes that Abalene's default was willful.  Although Abalene does not claim any inability to receive mail generally, Strulovic's declaration contends that Abalene did not receive a copy of the Complaint from the Secretary of State or the Court's July 10, 2020 Order, which was sent to the same address as mail that Abalene received.  However, it is undisputed that Abalene had notice of the Complaint by late August 2020, after receiving the Funds' motion for a default judgment, but did not enter an appearance or otherwise defend this action until over two months later.  As of late August, Abalene's answer to the Complaint had been due for approximately two months, since June 26, 2020.  In the face of the admitted receipt of the motion for a default judgment, the corporate defendant's reliance upon a purported failure of the Funds' counsel to return phone calls or messages is unreasonable as a matter of law.  For the six weeks following receipt of the Funds' motion for a default judgment, Abalene failed to seek any relief from the Court.  Abalene did not decide to seek or retain counsel until October 13, 2020, after the Court entered a default judgment.  Abalene's default was not the result of negligence or a good-faith mistake

---

[3] The Court will again credit Strulovic's declaration, as the party seeking to vacate the judgment, but will note that the default judgment only identifies that the Declaration of Marlie Blaise, Esq. was annexed to the Funds' motion for a default judgment; it does not list any contact information for Blaise.  (Doc 28).  Blaise submitted a declaration in support of the Funds' opposition to this motion but does not recount a conversation with Strulovic.  (Doc 43).  However, the Funds' counsel Marimon states that she heard from Strulovic on or around October 12, 2020 and that she thereafter asked Blaise to contact Strulovic.  (Marimon Decl. ¶ 4).

The Court notes that by reading the papers that the Funds' served with their motion for a default judgment, Abalene would have been put on notice that the Funds had claimed a valid basis for service of process.  (Doc 22, at 4–5 & Cert. of Service (Doc 26)).  Abalene knew about the action and made a conscious decision not to defend or retain counsel until after a default judgment was entered.  Abalene's arguments, "if credited might give rise to an inference" that there conduct was not in "bad faith," but it still indicates a "deliberate disregard for the litigation."  Moulton Masonry & Const., 779 F.3d at 186–87 (finding willfulness when defendants were aware of the pending legal action and failed to defend the action because they believed that participation in an audit "was sufficient to discharge defendants' duties"); see also Puerner v. Hudson Spine & Pain Med., P.C., 17-cv-3590, 2019 WL 2548134, at *3 (S.D.N.Y. June 19, 2019) (Carter Jr., J.) (collecting cases where "courts have found willful default where a defendant simply ignores a complaint without action").

The second factor for the Court to consider is whether Abalene has set forth a meritorious defense.  Before turning to this issue, the Court will review the basis for the entry of a default judgment against Abalene.

When a defendant defaults, the well-pleaded allegations of a complaint are deemed to be admitted.  See, e.g., Vera v. Banco Bilbao Vizcaya Argentaria, S.A., 946 F.3d 120, 135 (2d Cir. 2019).  The Funds assert claims against defendants pursuant to sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145 for damages and injunctive relief.  (Compl. ¶¶ 31–50).  ERISA § 515 provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.  When an

employer is found to violate § 515, it is liable for "unpaid contributions," "interest on the unpaid contributions," "liquidated damages," "reasonable attorney's fees and costs of the action," and "such other legal or equitable relief as the court deems appropriate."  29 U.S.C. § 1132(g)(2).

The Court concluded that the entry of a default judgment against Abalene was appropriate as to liability.  (Doc 28).  During the relevant period, Abalene was a party to, or otherwise bound by the CBA.  (Compl. ¶¶ 9, 34).[4]  Under the CBA, Abalene was required to make periodic contributions to the Funds for work performed within the trade and geographical jurisdiction of the Union and furnish its books and payroll records upon request of the Funds for purposes of conducting an audit.  (Compl. ¶¶ 10–11).  In addition to any unpaid contributions found as a result of an audit, the Funds are entitled to interest on the unpaid contribution, liquidated damages in the amount of 20% on the unpaid contributions and reasonable costs and attorneys' fees.  (Compl. ¶ 40; CBA Art. XII).

As to damages, the Funds conducted an audit of Abalene for the period of December 22, 2013 through December 31, 2018.  (Compl. ¶ 12).  The audit determined that Abalene had failed to make $50,162.02 in required contributions.  (Doc 20-1).  It was further calculated that Abalene owed interest on the required contributions of $9,401.69 and liquidated damages of $10,032.40.  (Id.)  The cost of the audit was $7,234.25.  (Id.)  Thus, the total amount of damages from the audit was $76,830.36.  Abalene's counsel also submitted attorney billing records in the amount of $15,759.50.  (Doc 21-5).  Under ERISA and the terms of the CBA, the

---

[4] Article XIX of the CBA provides that "[t]his Agreement enters into force on July 1, 2007 and shall be binding on the Employer and the Union, their successors and assigns.  The duration of this Agreement shall continue until June 30, 2014 and shall be renewed automatically for one year intervals thereafter unless notice to the other at their last known address has been provided by either party by certified and regular mail no more than ninety (90) days nor no less than 60 days before the contract expiration that such party seeks to negotiate a new contract or modify or amend this Agreement through negotiations."  (CBA Art. XIX; Doc 42 – Ex A).

Funds were entitled to such damages upon a finding that Abalene failed to make required contributions, and the Court's default judgment order awarded the Funds damages of $92,589.86.

In Abalene's motion to vacate the default judgment, it does not seriously contest that it was delinquent in making contributions to the Funds under the terms of the CBA or that the audit was inaccurate. Instead, the arguments asserted by Abalene relate to whether City View has a meritorious defense to alter ego liability. In the case of Abalene, contesting City View's alter ego status does not provide a defense to the causes of action in the Complaint. Abalene is a party to the CBA and bound by its terms. The Funds' alter ego claims will be discussed below in connection with City View's motion. Abalene has failed to advance a meritorious defense.

Because the Court concludes that Abalene willfully defaulted and has not presented a meritorious defense, it need not reach the issue of prejudice. McNulty, 137 F.3d at 741 (affirming district court order denying a motion to vacate a default judgment based on the defendant's willful conduct and lack of a meritorious defense); Com. Bank of Kuwait v. Rafidain Bank, 15 F.3d 238, 244 (2d Cir. 1994) ("While the record does not strongly support a finding of prejudice, we need not scrutinize this factor further because the [defendant's] willful default and the absence of meritorious defenses were sufficient to support the district court's disposition of the case."). Abalene's motion to vacate the default judgment will be denied.

C. City View's Motion to Vacate the Default Judgment Is Denied.

City View was served with process on June 5, 2020 by personal service upon an authorized representative of the New York Secretary State. (Doc 10). Its answer was due on June 26, 2020. (Blaise Decl. ¶ 6; Doc 43). City View was served by mail with the Court's July 10, 2020 Order and the Funds' motion for a default judgment dated August 19, 2020. (Id. ¶¶ 10–

11).  The default judgment entered by the Court was mailed to City View via certified mail, which according to U.S.P.S. tracking was delivered on October 16, 2020.  (Id. ¶¶ 13–14).

In support of City View's motion, Moshe Gold submitted a declaration stating that he is the owner and president of City View.  (Gold Decl. ¶ 1; Doc 34).  Gold attests that he first became aware of this action in mid-to-late October 2020 after receiving a call from Strulovic of Abalene.  (Id. ¶ 9).  By this time, the Court had already entered an order of default judgment.  (Doc 28).  After speaking with Strulovic, Gold retained counsel in late October 2020.  (Weiss Decl. ¶ 2; Doc 35).  City View's counsel asked the Funds' counsel to vacate the default judgment and after they refused, City View filed its pre-motion letter on November 16, 2020.  (Id. ¶¶ 8–9).

Gold states that he has "no recollection of ever having received the Summons and Complaint or any of the default judgment paperwork."  (Gold Decl. ¶ 13).  He further notes that City View's Manhattan office was largely closed during the pendency of this action due to the COVID-19 pandemic with most employees being temporarily laid off or working from home.  (Id.)

Although its operations might have been remote, Gold neither claims City View ceased operating during the pandemic nor that it was unable to receive mail.  He also does not contest that the Funds in fact mailed the Court's July 10, 2020 Order and their motion for a default judgment to City View's correct mailing address.  The Court accepts, for the limited purpose of this motion, Gold's assertion that City View did not have notice of this action until after a default judgment was entered.  But even if not deliberate, City View's conduct was grossly negligent.  "Gross negligence can weigh against the party seeking relief from a default judgment . . . ."  ; accord Green, 420 F.3d at 108   ("[W]e have held that willfulness in the

- 10 -

context of a judgment by default requires something more than mere negligence, such as egregious or deliberate conduct, although the degree of negligence in precipitating a default is a relevant factor to be considered." (internal quotation marks omitted)).  City View fails to explain its inability to check the mail over the entire pendency of this litigation.  Gold's declaration places conclusory blame on the COVID-19 pandemic but otherwise provides no details. Accordingly, the Court finds that City View's default was the result of gross negligence, and although not dispositive of its motion to vacate, such conduct weighs against vacating the default judgment against it.

With respect to the second factor, City View asserts that it has a meritorious defense, namely, that it is not an alter ego of Abalene.  City View is not a signatory to the CBA but this fact is not dispositive.  The CBA makes clear that an alter ego of Abalene is bound by the CBA and jointly and severally liable with Abalene for failing to comply with its terms. (Compl. ¶¶ 36–38); see Ret. Plan of UNITE HERE Nat'l Ret. Fund v. Kombassan Holding A.S., 629 F.3d 282, 288 (2d Cir. 2010) ("Determining that an entity is an alter ego signifies that, for all relevant purposes, the non-signatory is legally equivalent to the signatory and is itself a party to the collective bargaining agreement." (internal quotation marks and alteration omitted)).[5]

A determination of alter ego status "involves a flexible test that considers whether 'two enterprises have substantially identical management, business purpose[s], operation[s], equipment, customers, supervision, and ownership.' " Div. 1181 A.T.U.-New York Emps. Pension Fund by Cordiello v. City of New York Dep't of Educ., 910 F.3d 608, 618 (2d Cir.

---

[5] Article XV, Section A of the CBA provides that  "this contract shall be binding on any successor, assign, alter ego, subsidiary, or parent of the Employer . . . ."  (CBA Art. XV, Sec. A).  It further states that "[i]n view of the fact that the Union would not have entered into this Agreement without the assurance set forth in Section A above, the Employer agrees that is [sic] shall be jointly and severally liable, with the offending entity, for the failure to any entity described in Section A above, to comply with the terms of this Agreement."  (CBA Art. XV, Sec. B).

2018) (quoting <u>Kombassan Holding A.S.</u>, 629 F.3d at 288).  "The purpose of the alter ego doctrine in the ERISA context is to prevent an employer from evading its obligations under the labor laws 'through a sham transaction or technical change in operations.' "  <u>Kombassan Holding A.S.</u>, 629 F.3d at 288 (quoting <u>Newspaper Guild of N.Y., Local No. 3 of the Newspaper Guild, AFL–CIO v. NLRB</u>, 261 F.3d 291, 298 (2d Cir.2001)).  "[A]n anti-union animus or an intent to evade union obligations" is a "germane" but not a "necessary factor."  <u>Id.</u>  (internal quotations marks omitted).

        In granting the default judgment, the Court concluded that the well-pleaded allegations in the Complaint established City View was an alter ego of Abalene.  The Complaint alleges that both Abalene and City View are in the business of home furnishing work and are owned and operated by Leopold Strulovic.  (Compl. ¶¶ 16, 23).  It further alleges that defendants (1) shared a place of business, located at 315 West 39th Street, New York, NY 10018; (2) formerly shared a common address at 63 Flushing Avenue, Brooklyn, NY 11205; (3) shared the same telephone number: (212) 643-0203; and (4) shared employees, including but not limited to Moshe Gold and Maritza Sime.  The Funds allege that defendants performed the same type of work and identified themselves within the carpentry industry under the same name, "Abalene Decorating c/o Cityview Blinds."  (Compl. ¶¶ 23–24).

        Based on the above, the Court entered a default judgement as to liability against City View for being an alter ego of Abalene.  The judgment further (1) declared that City View was the alter ago of Abalene rendering defendants jointly and severally liable under the CBA and (2) ordered City View to submit its books and records to the Funds for an audit covering the period from December 22, 2013 to the present and permitted the Funds to submit further evidence of damages to the Court upon completion of the audit.  (<u>Doc 28</u>).

City View contends that it has set forth evidence of facts that, if proven at trial, would constitute a complete defense to a finding that it is an alter ego of Abalene.  The Court disagrees.

As initial matter, City View's counsel submitted a proposed answer with City View's motion.  (Doc 35-4).  The conclusory denials in the answer and imposition of affirmative defenses, without setting forth evidence, are not sufficient to show a meritorious defense.

Gold states that he is the owner and president of City View.  (Gold Decl. ¶ 1).  He attests that he formed City View on August 30, 1994.  (Id. ¶ 2)  Gold claims that City View sometimes utilizes Abalene as a subcontractor and has an "arm's length" relationship with Abalene.  (Id. ¶ 6–7).  He makes a conclusory denial that City View has "never shared common operations, intermingled funds, used the same equipment, vehicle or facilities, shared employees or officers, or customers with Abalene."  (Id. ¶ 5).

Oddly, Abalene focuses much of its arguments on the issue of City View's alter ego status.  While Strulovic asserts that he has never had an ownership interest in City View, his declaration otherwise only offers conclusory denials.  (Strulovic Decl. ¶¶ 12–20).  Considering that City View's alter ego status has no effect on the liability of Abalene, an entity that has been dissolved since 2016 according to the New York Department of State Division of Corporations (Doc 43-10), the Court affords minimal weight to the arguments made in connection with Abalene's motion concerning whether City View has a meritorious defense.

 To constitute a meritorious defense for purposes of vacating a default judgment, a defendant "must present a defense 'which directly relates . . . to the allegations set forth in plaintiffs pleadings and raises a serious question as to the validity of those allegations.' " Guangxi Nanning Baiyang Food Co., LTD. v. Long River Int'l Inc., 09 cv 3059, 2010 WL

1257573, at *4 (S.D.N.Y. Mar. 30, 2010) (Griesa, J.) (quoting <u>Salomon v. 1498 Realty</u>, 148 F.R.D. 127, 130 (S.D.N.Y.1993)).  Based on this record, City View has failed to substantively contest the allegations relating to its alter ego status and, taken collectively, has offered only conclusory denials.  City View has therefore not come forward with sufficient evidence to show the existence of a meritorious defense.  <u>Green</u>, 420 at 110 ("We have previously held that a 'defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense.'") (quoting <u>Pecarsky v. Galaxiworld.com, Ltd.</u>, 249 F.3d 167, 173 (2d Cir.2001)); <u>Mason Tenders Dist. Council of Greater N.Y. v. WTC Contracting, Inc.</u>, 10 cv 0700, 2011 WL 4348152, at *4 (S.D.N.Y. Sept. 16, 2011) (Cote, J.) ("Bayside presents only conclusory denials to [the alter ego] allegations. In its motion papers, Bayside lists the allegations and states, simply, that each is incorrect, [and in a declaration] merely states the opposite of each of the allegations in the Complaint, without providing any evidence of the falsity of those allegations.").

Based on City View's gross negligence in failing to defend this action prior to the entry of the default judgment and its failure to show a meritorious defense, the Court concludes that the factors under Rule 60(b)(1) do not favor vacating the default judgment against City View.  <u>State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada</u>, 374 F.3d 158, 174 (2d Cir. 2004) (citing <u>Rafidain Bank</u>, 15 F.3d at 244) ("We need not evaluate whether the vacatur of the default judgment would subject State Street Bank to prejudice because we have concluded that the defendants failed to establish a meritorious defense; the absence of such a defense is sufficient to support the district court's denial of the defendants' first Rule 60(b) motion."); <u>see also</u> <u>Long River Int'l Inc.</u>, 2010 WL 1257573, at *4 ("Indeed, without the prospect of a valid defense, there is little point in setting aside the default judgment.").  In addition, City View's

request in the alternative for an enlargement of time to answer is denied for the same reasons as its motion to vacate the default judgment.

    D.  <u>Defendants' Motions to Stay Enforcement of the Default Judgment Are Denied.</u>

        On April 6, 2021, Abalene stated that the Funds had taken certain actions related to the enforcement of the default judgment entered in this action.  (Doc 58).  Abalene moved for a stay of enforcement of the judgment until its motion to vacate is decided.  The next day City View joined in Abalene's motion.  (Doc 59).  Because the Court's Order denies defendants' motions to vacate the default judgment, defendants' motions for a stay are also denied.

CONCLUSION

        For the reasons set forth above, defendants' motions to vacate the default judgment are DENIED.  (Docs 33 & 37).  Defendants' motions to stay enforcement of the default judgement are also DENIED.  (Docs 58 & 59).  The Clerk is directed to terminate the motions. (Docs 33, 37, 58 and 59).

        SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
     April 13, 2021