UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, and APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, TRUSTEES OF THE NEW
YORK CITY CARPENTERS RELIEF AND
CHARITY FUND, and THE CARPENTER
CONTRACTOR ALLIANCE OF
METROPOLITAN NEW YORK,

       Plaintiffs,        20-cv-2559 (PKC)

 -against-

                     ORDER DENYING
                     STAY

ABALENE DECORATING INC., and CITY VIEW
BLINDS OF N.Y., INC.,

       Defendants.
-----------------------------------------------------------x
CASTEL, U.S.D.J.

    This is an emergency application by City View Blinds of N.Y., Inc. ("City View") to stay enforcement of a judgment pending an appeal of this Court's Opinion and Order of April 13, 2021 (Doc 61; NOA Doc 62.) denying a motion to vacate a default judgment. The underlying judgment was entered on October 7, 2020 (Doc 28) and arises from claims for unpaid employer contributions to a union pension fund under sections 502 and 515 of the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145 and section 302 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. The judgment was for $92,589.86 and directs an audit by plaintiff of the books and records of City View.

    City View has failed to satisfy the four-factor test for a stay pending appeal. Hirschfeld v. Bd. of Elections in City of New York, 984 F.2d 35, 39 (2d Cir. 1993). First, there

is no showing of irreparable harm.  Id.  Payment of a monetary obligation by a corporation does not generally constitute irreparable injury, even if a consequence is other collateral economic injury.  Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979) (". . . Jackson would suffer because it would find it difficult to regain the business of customers along the cancelled route even if it were able to resume the route once it regained the right to supply [the customers].  Even if Jackson shows this injury, however, we do not see why it would not be rather readily compensable in monetary damages.").

Second, the Court has considered whether the plaintiffs will suffer irreparable harm from a stay.  Hirschfeld, 984 F.2d at 39.  Plaintiffs, including the trustees of union pension, welfare and annuity funds, will suffer the delay in payment of contributions due for the period December 22, 2013 through December 31, 2018.  This is not irreparable harm to plaintiffs for the same reason that there is no irreparable harm to City View, i.e. the eventual payment of money will make the plaintiffs whole.

Third, whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal.  Id.  While City View has identified the issues it wishes to raise on appeal, it has failed to demonstrate a substantial possibility of success on appeal.  The Court's 15-page Opinion and Order sets for the basis for its denial of the motion to vacate and City View devotes little effort to demonstrating a substantial possibility that it will be disturbed on appeal.

Fourth, the Court has considered the public interests that may be affected.  Id.  There is a strong public interest, reflected in ERISA and the LMRA in ensuring that delinquent employer contributions are paid to a group of employee benefit plans.

The application set forth in City View's "Emergency Order to Show Cause" (Doc 64) is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
May 17, 2021