# THE LAW FIRM OF
# ADAM C. WEISS, PLLC

3 SCHOOL STREET, STE. 303
GLEN COVE, NEW YORK 11542

45-18 COURT SQUARE, STE 400
LONG ISLAND CITY, NEW YORK 11101

TELEPHONE: (516) 277-2323
FACSIMILE:  (516) 759-2556
adam@acweisslaw.com
www.acweisslaw.com

May 24, 2021

**VIA ECF**

Hon. P. Kevin Castel, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**RE:  Trustees of The New York City District Council of Carpenters Pension Fund v. Abalene Decorating, Inc. et al.
Docket No.: 20-cv-2559 (PKC)**

[Handwritten annotation: With the filing of the supersedeus bond by City View and without objection from the plaintiff, enforcement of the judgment is stayed pending further Order of this Court.

SO ORDERED.
/s/ Castel, USDJ
6.8.21]

Your Honor:

This law firm represents Defendant City View Blinds of N.Y., Inc. ("City View") in the above referenced matter. We write again to request that this Court approve the supersedus bond filed by City View on May 19, 2021 (Exhibit A attached hereto)[1] to affect an automatic stay of all enforcement proceedings and order the release of City View's funds being currently held by its bank, Signature Bank, and customer, Suffolk Construction, pursuant to Fed.R.Civ.P. Rule 62(b).

By Order, dated May 21, 2021, this Court had denied City View's second motion for a stay that had been filed on May 20, 2021 without prejudice to provide legal support for the proposition that a supersedeus bond is appropriate in this case.[2] A copy of that Order is annexed hereto as Exhibit B. As set forth herein, a supersedeus bond is indeed appropriate for this case and the Court should approve the bond, stay the matter, and order the halt of any and all enforcement proceedings initiated by Plaintiff against City View's bank and customers.

---

[1] The bond represents 110% of the amount of the underlying judgment of $92,589.86, which is $101,848.84.

[2] This Court had also denied City View's first motion for a stay, which requested a reduction in the bond amount by Order dated May 17, 2021. Docket Entry #67.

Case 1:20-cv-02559-PKC Document 71 Filed 05/24/21 Page 2 of 3

THE LAW FIRM OF
ADAM C. WEISS, PLLC

Ltr to Judge Castel
May 24, 2021
Page 2 of 3

Fed.R.Civ.P. Rule 62(b) provides "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." See Fed.R.Civ.P. Rule 62(b). The Supreme Court of the United States has held that "[W]ith respect to a case arising in the federal system, it seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment **as a matter of right** if he posts a bond in accordance with Fed.R.Civ.P. 62(d).[3] *American Mfr. Mut. Ins. Co v. American Broadcasting-Paramount Theaters, Inc.*, 87 S.Ct. 1, 3 (1966) [emphasis added].

The above holding with respect to a stay as a matter of right has been consistently applied in this Circuit to date. For example, in *Gesualdi v. Laws Construction Corp.*, 759 F.Supp.2d 432 (S.D.N.Y. 2010), the Court stated: "a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d)'. *Id.*, at 449. In *Gesualdi*, the Court held that the defendant was entitled to post a bond and thereby avoid execution of the Judgment pending appeal. The defendant did not argue that the bond should be smaller than the amount of the judgment. As such, they were entitled to a stay of the Judgment under Rule 62(d) if it posts a supersedeas bond in the amount of the Judgment." *Id.*

In *SDF9 Cobk LLC v. AF & AR LLC*, 2015 WL 3440259, at *1 (E.D.N.Y. May 27, 2015), the court further explained that "[t]he bond serves three purposes: (1) it ensures that judgment debtor may obtain a refund if he or she is meritorious on appeal; (2) it mitigates any risk that the judgment debtor may not be able to fulfill the judgment after the appeal; and (3) it guarantees that appellee can recover damages caused by any delay incident to the appeal, such as interest and costs." *SDF9 Cobk LLC*, 2015 WL 3440259, at *1. The facts here fits squarely in the aims addressed in *SDF9 Cobk LLC*. Having posted a bond representing 110% of the amount of the underlying judgment of $92,589.86, which is $101,848.84, City View is protecting its right to a refund if it wins on appeal and the default judgment is vacated. At the same time, the Plaintiff pension fund is protected during the pendency of the appeal by being able to recover from the bond in the event that City View's appeal is not successful.

In addition, City View would like to address the Court's statement in its May 21, 2021 Order: "It does not appear that City View is appealing the judgment. It is appealing the Court's denial of an order vacating the judgment." This is incorrect. City View is not appealing the denial of an order vacating the judgment. The judgment remains in effect as a result of the decision appealed from because City View's motion to vacate the judgment was denied. City View is now appealing that decision - the denial of their motion to vacate the judgment. In other words, if the decision appealed from is reversed by the Second Circuit, then the underlying default judgment would be set aside. However, currently that money judgment remains in effect. Courts have applied Rule 62 equally in cases involving default judgments to those concerning any other type of monetary judgment. *See Harris v. Butler*, 961 F.Supp. 61 (S.D.N.Y. 1997)

---

[3] As a result of a 2018 Amendment, Rule 62 was reorganized and the provisions for staying a judgment were revised with Fed.R.Civ.P. 62(d) essentially becoming Fed.R.Civ.P. 62(b).

THE LAW FIRM OF
ADAM C. WEISS, PLLC

Ltr to Judge Castel
May 24, 2021
Page 3 of 3

(holding in a case involving a default judgment that a stay would be granted if the defendants were willing to post a bond in the full amount of the judgments against them).

Finally, to the extent that this Court suggests that there is an insufficient nexus between the underlying judgment and City View's current appeal, it is submitted that the underlying judgment is inexorably intertwined from the decision appealed. Indeed, the Court can glean the connection in City View's appeal filings with the Second Circuit. On or about May 10, 2021, City View filed its Form C with the Second Circuit. A copy of the complete Form C is annexed hereto as Exhibit C. As the Court will see, on page 3 of the filing, City View set forth a list of the Orders forming the basis of the appeal and included **both** the **default judgment** entered on October 7, 2020 and the Court's April 13, 2021 **Opinion and Order denying City View's motion to vacate** the default judgment. See Exhibit C, at p. 3. Both the judgment and order were also annexed to Addendum A of Form C at Exhibits 3 and 4. *See Id.*, at Exhibits 3-4.

For all the factual and legal reasons set forth above, the Court should approve the bond, stay the matter, and order the halt of any and all enforcement proceedings initiated by Plaintiff against City View's bank and customers.

Respectfully submitted,

Adam C. Weiss

cc: All Counsel of Record (via ECF)

Encl.